UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT
JUDGE

FRANK R. LAUTENBERG
POST OFFICE AND
COURTHOUSE
2 FEDERAL SQUARE,
ROOM 417
NEWARK, NJ 07102
973-297-4851

January 31, 2018

VIA ECF

## LETTER OPINION AND ORDER

Re: **Mary Thompson v. Nancy A. Berryhill, Acting Commissioner of Social Security**
**Civil Action No. 17-2347**

Dear Litigants:

Plaintiff Mary Thompson ("Plaintiff") appeals the final decision of the Commissioner of Social Security ("Commissioner"), which approved her application for disability insurance benefits ("DIB"). Plaintiff submits that while the finding of disability was correct, the Commissioner should have found that she was entitled to benefits at an earlier date. The Commissioner asks that the Court remand the matter. Plaintiff objects to the remand and instead urges the Court rule that she is entitled to benefits from the earlier date. For the reasons that follow, the Court grants the Commissioner's motion.

Pursuant to the Social Security Act, Plaintiff filed a Title II application for DIB and a Title XVI application for supplemental security income ("SSI") on July 19, 2012. Tr. at 17.[1] Plaintiff alleged a disability onset date of February 15, 2011. *Id.* On reconsideration at the initial stage, Plaintiff was found disabled as of October 24, 2012. Tr. at 103-04. Plaintiff then contested the date in a proceeding before an Administrative Law Judge ("ALJ").

On September 25, 2014, the Administrative Law Judge ("ALJ") held a hearing. *Id.* at 30. Plaintiff, who was represented by counsel, testified as did a vocational expert. *Id.* at 36-53. Following a hearing, the ALJ denied Plaintiff's claim in a written decision dated on November 17, 2014. *Id.* at 17-24. The ALJ concluded that Plaintiff was not disabled. *Id.* at 17.

---

[1] The administrative record is found at D.E. 6. For convenience of the parties, the Court refers to the actual transcript ("Tr.") pagination.

Plaintiff appealed to the Appeals Council of the Social Security Administration. In a decision dated February 1, 2017, the Appeals Council found that Plaintiff was disabled as of March 31, 2013. *Id.* at 8. As a result, the decision of the Appeals Council became the final decision of the Commissioner for purposes of appeal.

Plaintiff then sought review in this Court, arguing that the correct starting date for her disability was February 15, 2011. D.E. 1. By letter dated June 21, 2017, Plaintiff wrote to the Commissioner requesting a voluntary remand. D.E. 7. The Commissioner denied the remand. D.E. 8. As a result, Plaintiff was forced to file her substantive brief with the Court. D.E. 9. After Plaintiff's brief was submitted, the Commissioner decided to remand the matter, and filed a motion in support. D.E. 12. Plaintiff, however, objected to the remand and asked the Court to find Plaintiff disabled as of February 15, 2011. D.E.13. The Commissioner then filed a short reply. D.E. 14.

42 U.S.C. § 405(g) provides in part as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . . Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides[.] . . . *The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.* The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence[.] . . . *The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding*[.] . . . The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. . . .

(Emphases added). *See also Powell v. Chater*, 959 F. Supp. 1238, 1246 (N.D. Cal. 1997); *Macchiera v. Shalala*, 892 F. Supp. 427, 432 (N.D.N.Y. 1995).

Purely legal issues are subject to plenary review by this Court. *Matthews v. Apfel*, 239 F.3d 589, 591 (3d Cir. 2001). An ALJ's findings, including credibility determinations, must be upheld if they are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation marks omitted). Such evidence is less than a preponderance but more than a mere scintilla. *Id.* The

2

Court reviews the record as a whole to determine whether an ALJ's finding is supported by substantial evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted). In this matter, the Court finds that the final decision of the Commissioner was not supported by substantial evidence. Although the Commissioner does not expressly admit as much, the Court does note that the Commissioner agrees that a remand is appropriate.

Thus, the issue before the Court is whether to remand the matter, as the Commissioner requests, or to find Plaintiff disabled as of the earlier date, as Plaintiff urges. The Court will remand the matter. First, Plaintiff complains of the time lapse between the finding of her disability on reconsideration of her initial review and the ALJ's decision along with the Appeals Council's determination. D.E. Plaintiff is correct that the ALJ clearly misstated the record when he indicated that Plaintiff had been denied disability at the initial stage (because she was found disabled on reconsideration). However, the time lag between the initial finding of disability and the ALJ's decision was due to Plaintiff's decision to appeal to the ALJ. The Court is not criticizing Plaintiff for exercising her rights, but she cannot exercise those rights and then complain about effects of doing so.

Second, Plaintiff originally requested a voluntary remand in this matter. The only fact that has changed since her request to remand and her current objection to remand is that she filed her brief with the Court. The Court is sympathetic to Plaintiff's plight. The administrative record in this matter several hundred pages long and social security appeals are fact sensitive in light of the numerous laws, including regulations, that control. Moreover, in her request for voluntary remand, Plaintiff made specific arguments in support, as opposed to a general request without support. Obviously, the preferred practice is for the Commissioner to expend the necessary time evaluating a remand request *before* Plaintiff files her brief. Plaintiff has a right to be frustrated. Nevertheless, the Court cannot overlook the fact that Plaintiff did initially request the remand.

Third, Plaintiff in large part relies on speculation as to the Commissioner's bad faith and machinations in opposing the Commissioner's motion. D.E. 13 at 3. In short, Plaintiff lists a parade of horrible that *could* occur on remand if the Commissioner is not acting in good faith. The Court, however, has no basis to credit this unsupported supposition. In fact, the Court is very familiar with Plaintiff's counsel. Counsel always vigorously and strenuously represent his clients. At the same time, Counsel routinely maligns the Commissioner without adequate support.

For the foregoing reasons, and for good cause shown,

It is on this 31th day of January, 2018, hereby

**ORDERED** that the Commissioner's final decision is **REVERSED and REMANDED**; and it further

**ORDERED** that on remand, the Commissioner shall further evaluate Plaintiff's claim for the period that she was denied benefits, that is, from February 15, 2011 through March 30, 2013, and return the matter to an ALJ to take all necessary and appropriate steps, including

1. Reconsideration of the opinions of the state agency doctors concerning Plaintiff's visual restrictions and articulation of the weight given to such opinions;

2. Reevaluation of Plaintiff's residual functional capacity, or RFC, and provide good reasons that are supported by the record as to the limitations included therein;

3. Obtaining, if necessary, vocational expert testimony to determine whether Plaintiff can perform work[2] given her RFC and vocational background;

4. Offering Plaintiff an opportunity for another hearing;

5. Taking any further action as necessary to ensure that the administrative record is complete; and

6. issuing a new decision concerning Plaintiff's claim for disability benefits; and it is further

**ORDERED** that the Clerk's Office shall close this matter.


s/ John Michael Vazquez\_\_\_\_
**JOHN MICHAEL VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

---

[2] The ALJ determined that Plaintiff could not perform any past relevant work. Tr. at 23. The Court does not anticipate that this finding will be revisited on remand. Instead, by "work," the Court is referring to other jobs that exist in significant numbers in the national economy that Plaintiff can perform.